UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSP LOGISTICS,<br><br>   Plaintiff,<br><br>v.<br><br>K18, INC.,<br><br>   Defendant. | Case No. 24-cv-09143-HSG<br><br>**ORDER GRANTING ANTI-SUIT INJUNCTION**<br><br>Re: Dkt. No. 41 |

Pending before the Court is Defendant K18, Inc. ("K18")'s motion for an anti-suit injunction. Dkt. No. 41 ("Mot."); Dkt. No. 42 ("Opp."); Dkt. No. 46 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff CSP Logistics ("CSP"), a supplier that distributes hair products in French beauty salons and retail stores, brought the above-titled action in December 2024. *See* Dkt. No. 1. CSP alleges that K18, a global hair products company, violated the parties' agreement governing the distribution and sale of K18 products in France. Two weeks after filing suit in this district, CSP filed a separate action against K18 in France by way of a *référé* procedure.[1] With CSP's *référé* motion pending before the French Commercial Court of Nîmes, K18 filed this motion for an anti-suit injunction, asking the Court to enjoin CSP from continuing its litigation in France.

---

[1] The parties agree that a *référé* procedure is an expedited, emergency proceeding that does not include a complete analysis on the merits. Mot. at 5; Opp. at 6.

## II. LEGAL STANDARD

"A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) (internal quotations and citations omitted). This mechanism, an anti-suit injunction, enables an "American court [to] enjoin[] the claimant, not the foreign court." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989 (9th Cir. 2006). The Ninth Circuit utilizes a three-part test to assess anti-suit injunctions. First, the Court must "determine whether or not the parties and the issues are the same in both the domestic and foreign actions, and whether or not the first action is dispositive of the action to be enjoined. Second, [the Court] determine[s] whether at least one of the so-called '*Unterweser* factors' applies. Finally, [the Court] assess[es] whether the injunction's impact on comity is tolerable." *Microsoft Corp*, 696 F.3d at 881 (internal citations and quotations omitted). "The *Unterweser* factors are a disjunctive list of considerations that may justify a foreign anti-suit injunction, first articulated by the Fifth Circuit in *In re Unterweser Reederei GMBH,* 428 F.2d 888, 896 (5th Cir. 1970)." *Id.* The factors include: "[whether the] foreign litigation . . . would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations." *Id*. at 882. Since these factors are disjunctive, "if any of the four elements is present, an anti-suit injunction may be proper." *E. & J. Gallo Winery*, 446 F.3d at 990. To obtain an anti-suit injunction, the party seeking the injunction "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction." *Id.* at 991.

## III. ANALYSIS

### A. Similarity of parties and issues

"The threshold consideration for a foreign anti-suit injunction is whether or not the parties and the issues are the same in both the domestic and foreign actions, and whether or not the first action is dispositive of the action to be enjoined." *Microsoft Corp*, 696 F.3d at 882 (internal citation and quotations omitted). Here, it is undisputed that the parties are the same in this action

1    and the French action.  Accordingly, the Court focuses on the issues' similarity.

2          This is a contract dispute subject to a forum selection clause, so "to the extent the domestic
3    action is capable of disposing of all the issues in the foreign action and all the issues in the foreign
4    action fall under the forum selection clause, the issues are meaningfully 'the same.'"  *Applied*
5    *Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 915 (9th Cir. 2009).  The issues need
6    not be identical.  *Id.*  Instead, the "crux" of this "functional" inquiry is whether "all the issues in
7    the foreign action fall under the forum selection clause and can be resolved in the local action."
8    *Id*.

9          CSP argues that the case in this district is "separate and distinguishable" from the French
10   action because "the issues and forms of relief" are distinct.  Opp. at 10.  The Court disagrees.  The
11   claims in both actions arise from the same operative facts and claims, mainly CSP's contention
12   that K18 breached the parties' distribution agreement by failing to supply CSP with certain K18
13   products and by supplying K18 products to various prohibited retailers.  And these claims are
14   plainly governed by the agreement's forum selection clause, which states: "any controversy or
15   dispute arising out of or relating to this Agreement, forsaking any other jurisdiction, shall submit
16   to the sole, proper and exclusive jurisdiction and the venue of court of San Francisco County,
17   California, USA or the United States District Court for the Northern District of California, USA."
18   Mot. at 4.  While CSP argues that a *référé* procedure yields different relief from a temporary
19   injunction, the relief appears sufficiently similar in function.  Were either this Court or the French
20   court to enjoin K18 from continuing its alleged violations, via a temporary injunction or *référé*
21   ruling, CSP would obtain the  relief that it seeks.  Accordingly, just as in *Applied Med.*
22   *Distribution Corp*, "the present action is dispositive of the [French] action because all of the
23   claims in the [French] action 'arise[ ] out of th[e] Agreement,' are subject to the forum selection
24   clause, and therefore must be disposed of in the California forum if at all.  Therefore, the issues
25   are functionally the same."  587 F.3d at 916.

26       **B.**    **At least one *Unterweser* factor applies**
27         Next, the Court "look[s] to whether the foreign litigation would frustrate a policy of the
28   forum issuing the injunction, or whether any of the other *Unterweser* factors apply."  *Microsoft*

*Corp.*, 696 F.3d at 885 (internal quotations and citation omitted). K18 argues that an anti-suit injunction is necessary to both uphold the federal court system's commitment to forum selection clause enforcement and to enforce the parties' forum selection clause in this matter. Mot. at 10. The Court agrees. The Ninth Circuit has "repeatedly stressed the importance of forum selection clauses and ha[s] held that they 'should be enforced absent strong reasons to set them aside.'" *E. & J. Gallo Winery*, 446 F.3d at 992. "Courts should give effect to freely made contractual agreements," *Microsoft Corp*, 696 F.3d at 885, and especially so here considering "California's strong policy in favor of enforcing forum selection clauses." *Applied Med. Distribution Corp*, 587 F.3d at 914. Absent an anti-suit injunction in this case, the parties' bargained-for forum selection clause would lose its meaning, and the enforceability of such clauses would be undermined. *See id.* ("[A] contrary result would effectively nullify the forum selection . . . clause."). Accordingly, this *Unterweser* factor strongly favors granting K18's anti-suit injunction. And because these factors are disjunctive, the Court does not need to address the applicability of other *Unterweser* factors. *See E. & J. Gallo Winery*, 446 F.3d at 990.

### C. The anti-suit injunction's impact on comity is minimal

Finally, the Court must "assess whether the injunction's impact on comity is tolerable." *Microsoft Corp.*, 696 F.3d at 886 (internal citation and quotations omitted).[2] "[C]omity is less likely to be threatened in the context of a private contractual dispute than in a dispute implicating public international law or government litigants" such that "where two parties have made a prior contractual commitment to litigate disputes in a particular forum, upholding that commitment by enjoining litigation in some other forum is unlikely to implicate comity concerns at all." *Id.* at 887. These precise circumstances are present here. *See E. & J. Gallo Winery*, 446 F.3d at 994 ("There is no indication that the government of Ecuador is involved in the litigation. Andina is a private party in a contractual dispute with Gallo, another private party. The case before us deals

---

[2] Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot,* 159 U.S. 113, 164 (1895).

with enforcing a contract and giving effect to substantive rights.  This in no way breaches norms of comity.").  And despite CSP's arguments that "the French court is in the superior position to make the necessary determinations" and that "this Court should not second guess the French court," CSP only filed suit in France *after* initiating this litigation in the United States.  Opp. at 9. Where, as here, there is "no public international issue raised, a foreign government is not involved in the litigation, and the litigation involves private parties concerning disputes arising out of a contract, not only would an anti-suit injunction not have an intolerable impact on comity, but allowing foreign suits to proceed in such circumstances would seriously *harm* international comity."  *Applied Med. Distribution Corp*, 587 F.3d at 921.  Accordingly, CSP's assertion that the "impact of an anti-suit injunction on comity would be intolerable," is plainly irreconcilable with Ninth Circuit precedent.  Opp. at 9.

IV.     **CONCLUSION**

For the reasons explained above, K18 has satisfied its burden as to the three-part test for an anti-suit injunction.  The Court therefore GRANTS K18's motion.  Dkt. No. 41.  It is HEREBY ORDERED that CSP is:

1. enjoined from continuing to prosecute or pursue the French litigation during the pendency of the instant action; and

2. enjoined from prosecuting or pursuing any similar litigation in another forum that seeks relief against K18 based on the same allegations at issue in the present litigation.

**IT IS SO ORDERED.**

Dated:   5/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge